**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| STEVEN LEE HUNTSAKER, | ) | NO. CV 10-01982 GAF (SS) |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM AND ORDER DISMISSING** |
| R. DE LA ROSA, Sheriff Deputy #5539, et al., | ) | **COMPLAINT WITH LEAVE TO AMEND** |
| Defendants. | ) | |

On January 5, 2011, Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint in this Court pursuant to 42 U.S.C. § 1983 against two employees of the Orange County Sheriff's Department (the "Complaint").[1]  The defendants named in the Complaint are R. De La Rosa, Orange County Sheriff's Deputy #5539, and P. White, Orange County Sheriff's Deputy #5119.  For the reasons stated below, the Complaint is dismissed with leave to amend.[2]

---

[1] Plaintiff initially lodged the Complaint in the Southern District of California, which transferred the case to the Central District.

[2] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge.  McKeever v. Block, 932 F.2d

Congress has mandated that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee.  28 U.S.C. § 1915A(a).  This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b); see also Lopez v. Smith, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

**I.**

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff presents this action as raising two claims, although, as further explained below, the number and scope of his claims is in fact uncertain.[3]  Plaintiff alleges that on the night of December 18, 2009, as he was heading toward his place of employment, "Deputy R. De La Rosa and Deputy P. White maliciously disregarded formalities of law and used, planned, and premeditated excessive force to arrest [Plaintiff] for ruining their entrapment scheme from the previous incident of the arrest warrant."  (Complaint at 3A).  According to Plaintiff, as he turned a corner on the way to work, he was "immediately tased" by defendants De

---

795, 798 (9th Cir. 1991).

[3] It is equally unclear from the Complaint whether Plaintiff is currently incarcerated.  Plaintiff appears to be residing at a private address that is not part of the California Department of Corrections, but elsewhere states that the acts described in the Complaint "occur[r]ed before my present incarceration."  (Compare Complaint at 1 with id. at 6).

2

La Rosa and White, "then severely beaten in [his] body and face, and then knocked unconscious by brutal blows from a blunt object to [his] forehead." (Id. at 3A-3B). Plaintiff claims that these acts constituted excessive force under section 1983 and further violated the Eighth Amendment's prohibition on cruel and unusual punishment. (Id. at 3). Plaintiff also asserts that he is raising state law claims for assault, and he cites to the California Penal Code ("Penal Code") section 241;[4] and a claim for battery, citeing to Penal Code section 242;[5] and a claim for a false report by a police officer, citing Penal Code section 118.1.[6] (Id. at 3B). Specifically, Plaintiff states in a claim separate from his excessive force claim that defendant De La Rosa knowingly filed a false police report accusing Plaintiff of battery on a peace officer and resisting a peace officer. (Id. at 4).

Plaintiff seeks an injunction preventing defendants "from harassing [him] or causing [him] additional physical bodily harm"; compensatory damages in the amount of ten million dollars ($10,000,000.00); punitive damages in the amount of ten million dollars ($10,000,000.00); and other

---

[4] "Assault" is defined under the Penal Code as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Cal. Penal Code § 240.

[5] "Battery" is defined under the Penal Code as "any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 242.

[6] Penal Code section 118.1 provides that any peace officer who "knowingly and intentionally" makes "any statement regarding any material matter" in a report filed with the agency that the officer "knows to be false" is "guilty of filing a false report punishable by imprisonment in the county jail for up to one year, or in the state prison for one, two, or three years." Cal. Penal Code § 118.1.

3

relief in the form of "unspecified medical and future medical costs" due to Plaintiff's current ignorance regarding the "full extent" of his injuries.  (Complaint at 7).

## II.

## DISCUSSION

Under 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint due to multiple defects in pleading.  Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment.  Lopez, 203 F.3d at 1127-29; see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A.  Plaintiff Fails To Comply With Rule 8**

The Complaint must be dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Rule 8(d)(1) instructs that "[e]ach allegation must be simple, concise, and direct."  To avoid dismissal, a complaint must contain "more than labels or conclusions" or "a formulaic

4

recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("Rule 8 . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In other words, the plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial validity when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability." Id.

The Complaint does not satisfy the meager pleading requirements of Rule 8. Although Plaintiff utilizes the standard form for civil rights complaints, his claim(s) as currently alleged are vague and confusing. For example, although it is fairly apparent that Plaintiff contends that defendants De La Rosa and White violated his constitutional rights by using excessive force in an ambush prior to Plaintiff's arrest and that defendant De La Rosa filed a false police report, it is unclear whether he is also claiming that one or both defendants are also liable for false arrest, for violating his due process rights, or for violating some other constitutional right as well. If Plaintiff is in fact alleging other theories of liability beyond excessive force and the filing of a false police report, they should be listed as separate claims.

Furthermore, it is entirely unclear what Plaintiff's reference to his "ruining their entrapment scheme from the previous incident of the arrest warrant" means. (Complaint at 3A). Plaintiff does not describe what the "entrapment scheme" was and who was involved in it, what he means by the "previous incident of the arrest warrant," and whether the allegations in this current suit, CV 10-1982, have anything to do with the allegations in the suit filed concurrently by Plaintiff in this Court in Case No. 10-1980.

Rule 8 simply requires a short and plain statement of the factual allegations of Plaintiff's claims. It would be difficult, if not impossible, for Defendants to frame a responsive pleading given the current form of Plaintiff's Complaint. Therefore, the Complaint must be dismissed with leave to amend.

**B.    The Allegations Regarding State Law Torts Fail To State A Claim**

At various points in the Complaint, it appears that Plaintiff is attempting to allege state tort claims. It is impossible, however, for the Court to glean exactly what the grounds for those claims are due to insufficient factual allegations to support some of those claims. For example, Plaintiff cryptically states that "[i]n addition to civil rights law, there are state law claims being raised of [Penal Code section] 241 assault and [Penal Code section] 242 battery and [Penal Code section] 118.1 peace officers making a false report. (Complaint at 3B). With respect to his purported claims for assault and battery, it is unclear whether Plaintiff is raising tort claims or is attempting to pursue purported violations of California criminal law. Furthermore,

1  Plaintiff states in Count Two that he is making a claim against Officer
2  De La Rosa for the filing of a false police report.  However, to the
3  extent that Plaintiff is attempting to create a tort out of a violation
4  of Penal Code section 118.1 for filing a false report, he should be
5  aware that California Government Code section 821.6 expressly immunizes
6  government employees from suit for such claims, providing that "[a]
7  public employee is not liable for injury caused by his instituting or
8  prosecuting any judicial or administrative proceeding within the scope
9  of his employment, even if he acts maliciously and without probable
10 cause."   Cal. Gov't Code § 821.6; see also Willis v. City of Los
11 Angeles, 57 Fed. Appx. 283, 288 (9th Cir. 2002) (affirming grant of
12 summary judgment on state claim filed with section 1983 complaint
13 because "police officers are immunized from suit [under California
14 Government Code section 821.6] for filing false police reports and
15 providing false statements pertinent to the charges . . . ."). In light
16 of the confusion about the nature, scope and content of Plaintiff's
17 purported state law claims, the Complaint must be dismissed with leave
18 to amend.

20      Also, Plaintiff was required to comply with the claim presentation
21 requirements of the California Tort Claims Act in order to pursue his
22 personal injury claims against any defendants employed by a county
23 government, but has failed to plead any facts establishing compliance
24 with those administrative requirements.  Plaintiff may sue county
25 defendants on the basis of acts or omissions in the scope of his or her
26 employment.  Cal. Gov't Code §§ 950.2, 950.6; Briggs v. Lawrence, 230
27 Cal. App. 3d 605, 613, 281 Cal. Rptr. 578 (1991).  A civil complaint
28 that is subject to the claim presentation requirement, however, must

7

affirmatively allege facts establishing compliance with the requirement or showing the applicability of a recognized exception or excuse for noncompliance. State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239, 13 Cal. Rptr. 3d 534 (2004).

Here, Plaintiff fails to allege even summarily that he has complied with the claim presentation requirement. Plaintiff does not describe the scope of the claims he presented, if any, identify the governmental agency to which the claims were submitted and when, or report what action was taken by the agency in response to those claims. As Plaintiff has not pled facts demonstrating compliance with the California Tort Claims Act requirements, his Complaint must be dismissed with leave to amend.

**C.    Plaintiff May Not Split His Claims Into Two Complaints**

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007). "[I]n assessing whether the second action is duplicative of the first," a court must "examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 689 (citing The Haytian Republic, 154 U.S. 118, 124, 14 S. Ct. 992, 38 L. Ed. 930 (1894)). Where, as here, a district court has "duplicative suits contemporaneously pending on its docket," the court has discretion to "dismiss [the] later-filed complaint [with or] without prejudice, to

consolidate the two actions, or to stay or enjoin proceedings," depending on the particular circumstances of the case. Id. at 692.

"Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" Id. at 692 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183, 72 S. Ct. 219, 96 L. Ed. 200 (1952)). By dismissing a duplicative suit with prejudice, a district court acts "to protect the parties from vexatious and expensive litigation and to serve the societal interest in bringing an end to disputes." Id. at 693. However, dismissal with prejudice might be an abuse of discretion where the claims in a second suit are based on events occurring subsequent to the filing of the complaint in the first action. Id.

Here, Plaintiff simultaneously filed another complaint currently pending in the Central District: the Complaint Under the Civil Rights Act 24 U.S.C. § 1983, No. CV 10-1980 GAF (SS) (C. D. Cal. filed Jan. 4, 2011) against defendants Deputy Sheriff J. Moldenhaur and Deputy Sheriff P. Perez.

Like the instant Complaint, Plaintiff's Complaint in Case No. 10-1980 raises similar claims of excessive force by Orange County sheriff's deputies, though the dates and defendants are different. Nonetheless, there appears to be some sort of nexus between Plaintiff's arrest pursuant to a warrant in 2007 as alleged in Case No. 10-1980 and the alleged attack he suffered in 2008 as alleged in the instant Complaint for ruining the "entrapment scheme from the previous incident of the

1  arrest warrant." (Complaint at 3A). As previously noted, however,
2  exactly what that nexus was is left unexplained by either Complaint.

4  Despite these ambiguities, it appears that the instant Complaint is
5  duplicative of Plaintiff's Complaint in Case No. 10-1980 to the extent
6  that they both arise out of a common set of operative facts –– here, the
7  entrapment scheme that Plaintiff "ruined" in 2007 and the purported
8  revenge exacted by two officers from the Orange County Sheriff's
9  Department in 2008 for Plaintiff's role in ruining that scheme.
10 "Whether two events are part of the same transaction or series depends
11 on whether they are related to the same set of facts and whether they
12 could conveniently be tried together." Adams, 487 F.3d at 689 (quoting
13 Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992)).
14 Consequently, if the Court is correct that there is a factual nexus
15 between Case No. 10-1980 and the instant Complaint, this Complaint must
16 be dismissed. However, the dismissal is without prejudice. If
17 Plaintiff wishes to add the allegations from the current Complaint to
18 any First Amended Complaint in Case No. 10-1980 (the original complaint
19 is dismissed under a separate order), he may do so. If the Court has
20 misunderstood Plaintiff's allegations in Case No. 10-1980 and the
21 instant Complaint, however, Plaintiff must explain why there is no
22 common set of facts between those two cases in filing a First Amended
23 Complaint in the instant matter. If the two cases are related, then
24 Plaintiff may amend the complaint in Case No. 10-1980 with allegations
25 from the instant case and voluntarily dismiss Case No. 10-1982.

## III.

## CONCLUSION

If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a First Amended Complaint, curing the defects in the Complaint described above, or by adding the substance of the instant allegations to his First Amended Complaint in Case No. 10-1980, and voluntarily dismissing Case No. 10-1982.

If Plaintiff chooses to file a First Amended Complaint, it shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the original Complaint. The caption shall include all parties that Plaintiff is suing. Each page of the First Amended Complaint must be consecutively numbered.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims, but must also not attempt to assert claims without providing some factual support. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached**. Plaintiff should make clear which defendant committed a particular act of misconduct. Individuals who have not engaged in any alleged misconduct

should not be named as defendants.  It is not necessary for Plaintiff to cite case law or include legal argument.  Moreover, irrelevant exhibits or other extraneous documents are not necessary for Plaintiff to include with his complaint.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**  Plaintiff is further advised that, if he does not wish to pursue this action, he may voluntarily dismiss it by filing a notice of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  A sample notice is attached to this order as well.

DATED: February 16, 2011

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE